**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Tiffany B.,

Civil No. 25-1595 (DWF/DTS)

Plaintiff,

v.

Frank Bisignano, *Commissioner of Social Security*,

**MEMORANDUM**
**OPINION AND ORDER**

Defendant.

**INTRODUCTION**

This matter is before the Court on Plaintiff Tiffany B.'s complaint seeking judicial review of the Commissioner of Social Security's final decision denying her application for disability benefits.  (Doc. No. 1.)  Plaintiff asks the Court to reverse the Commissioner's final decision and award benefits or, in the alternative, remand the case for further proceedings.  (Doc. No. 14.)  The Commissioner opposes this request and asks the Court to affirm the denial.  (Doc. No. 16.)  For the reasons set forth below, the Court denies Plaintiff's request and dismisses this matter with prejudice.

**BACKGROUND**

Plaintiff applied for supplemental security income ("SSI") in September 2019, alleging a disability onset date of June 1, 2018.  (Tr. 239.)[1]  An Administrative Law Judge

---

[1]   Throughout this Order, the Court uses the abbreviation "Tr." to reference the administrative record.  (*See* Doc. Nos. 8, 8-1, 8-2, 8-3.)

("ALJ") denied Plaintiff's SSI application on April 6, 2021.  (Tr. 32.)  After that decision became final, Plaintiff sought review by this Court.  Complaint at 1, *Tiffany B. v. Kijakazi*, No. 22-cv-1227 (D. Minn. May 5, 2022).  On June 12, 2023, Judge Eric C. Tostrud, now-Chief Judge, remanded the case to the ALJ for further consideration.  (Tr. 1189-90.)  On remand, the ALJ again denied Plaintiff's application.  (Tr. 1087.)  Plaintiff now seeks review of the ALJ's second denial.  (Doc. No. 1.)

The ALJ followed the five-step sequential evaluation process outlined in 20 C.F.R. § 416.920(a)(4) (2026).[2]  At step two, the ALJ found that Plaintiff suffers from several severe impairments, including fibromyalgia, major depressive disorder, and an unspecified anxiety disorder.  (Tr. 1074.)  At step three, the ALJ concluded that Plaintiff's severe impairments did not meet or equal any listing in the Listing of Impairments.  Next, the ALJ determined that Plaintiff has the following RFC:

> [T]o perform sedentary work as defined in 20 CFR 416.967(a) except the claimant is able to stand or walk for 4 hours of an 8-hour workday.  The claimant can occasionally stoop, kneel, and crouch.  The claimant can occasionally climb ramps and stairs.  The claimant should never climb ropes, ladders or scaffolds.  The claimant is limited to frequent reaching, handling, fingering, and feeling, bilaterally.  The claimant is able to understand, remember, and carry out simple tasks.  The claimant is able to deal with occasional changes in routine work and perform occasional simple decision

---

[2]    First, the ALJ determines whether the claimant has engaged in any substantial gainful activity.  Second, the ALJ determines whether the claimant has any severe medically determinable impairments.  Third, the ALJ compares any severe impairments found to the Listing of Impairments to assess whether the claimant's impairments meet or equal one of the listed impairments.  Before moving from step three to step four, the ALJ assesses the claimant's residual functional capacity ("RFC").  Fourth, the ALJ uses the claimant's RFC to determine whether they can perform their past relevant work.  Fifth, and finally, the ALJ considers whether the claimant can perform any other job given their RFC, age, education, and work experience.  *See* 20 C.F.R. § 416.920(a)(4).

making.  *The claimant is limited to occasional interaction with coworkers and the public.*

(Tr. 1077 (emphasis added).)  Plaintiff has no past relevant work, so the ALJ skipped to step five and found that there are jobs that Plaintiff can perform that exist in significant numbers in the national economy.  (Tr. 1085.)  Therefore, the ALJ found Plaintiff is not disabled and the Commissioner denied Plaintiff's application for disability benefits.

## DISCUSSION

A court will affirm an ALJ's decision to deny benefits if that decision is supported by substantial evidence in the record as a whole and the ALJ made no legal error. 42 U.S.C. § 405(g); *Austin v. Kijakazi*, 52 F.4th 723, 728 (8th Cir. 2022).  "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept as adequate to support a conclusion."  *Kraus v. Saul*, 988 F.3d 1019, 1024 (8th Cir. 2021) (citation modified).  In some cases, substantial evidence supports two conflicting outcomes, creating a "zone of choice" where the ALJ may exercise their discretion.  *See id.*  A court will not overturn an ALJ's decision if it falls within that zone, even if it might have reached a different conclusion.  *Bradley v. Astrue*, 528 F.3d 1113, 1115 (8th Cir. 2008).  A legal error may be a procedural error, use of the wrong legal standard, or improper application of the law.  *See Lucus v. Saul*, 960 F.3d 1066, 1068 (8th Cir. 2020). However, even if the ALJ errs, reversal is not required if the error was harmless, "meaning there is no indication that the ALJ would have decided differently if the error had not occurred."  *Grindley v. Kijakazi*, 9 F.4th 622, 629 (8th Cir. 2021)

Plaintiff challenges the ALJ's RFC determination, specifically arguing that the ALJ erred by disregarding the opinion of one of the state agency psychologists, Dr. David Biscardi, on her ability to interact with others. (Doc. No. 14 at 8-10.) Dr. Biscardi found that Plaintiff should be limited to brief and superficial interactions with coworkers and supervisors. (Tr. 247.) The ALJ concluded that Dr. Biscardi's opinion was generally supported by objective medical evidence but was "persuasive only insofar as it indicates that there are limitations in" Plaintiff's ability to interact with others. (Tr. 1084.) The ALJ ultimately used the term "occasional" in Plaintiff's RFC rather than brief or superficial because:

> [Dr. Biscardi's] opinion is also phrased using terms such as 1-3 step tasks, briefly, and superficially that are not vocationally defined, and thus, do not adequately articulate the limitation for use in a residual functional capacity assessment. [Dr. Biscardi] similarly did not provide definitions for the terms "briefly" or "superficially", although this finding can similarly be read to indicate that [Dr. Biscardi] found the claimant to have general limitations in both the quantity and quality of interaction in which she may engage in a work setting. However, as discussed above, there is nothing in the objective medical . . . record to indicate that the claimant has difficulty dealing with the length or content of any interactions with others and the claimant's medical providers consistently documented her presenting as cooperative and repeatedly described her as pleasant.

(*Id.*) The ALJ cited one example where Plaintiff was described as pleasant and cooperative from a February 29, 2024 appointment. (*See id.* (citing Tr. 1723).)

An ALJ evaluates a medical opinion's persuasiveness by considering a variety of factors, the most important of which are supportability and consistency. 20 C.F.R. § 416.920c. At a minimum, an ALJ must include some discussion of supportability and consistency in their RFC determination. *Id.* § 416.920c(b)(2). Supportability refers to

4

how well the opinion is supported by objective medical evidence or supporting

explanations. *Id.* § 416.920c(c)(1). Consistency refers to how consistent the opinion is

with the evidence from other medical and nonmedical sources in the record. *Id.*

§ 416.920c(c)(2). A district court's review of ALJ medical opinion evaluations is limited

to whether the ALJ adequately analyzed persuasiveness. *Cropper v. Dudek*, 136 F.4th

809, 814 (8th Cir. 2025). The ALJ's analysis must be "clear enough to allow for

appropriate judicial review," but "brevity is not reversible error." *Grindley*, 9 F.4th at

631.

The Court agrees with Plaintiff that qualitative limitations like "brief and

superficial" are not equivalent to quantitative limitations like "occasional."[3] However,

even if the ALJ's failure to include a qualitative limitation was an error, it is a harmless

---

[3]     The Eighth Circuit seemingly rejected this argument in an unpublished opinion, *Lane v. O'Malley*, No. 23-1432, 2024 WL 302395, at *1 (8th Cir. Jan. 26, 2024). Courts in this District have split on whether *Lane* decidedly rejects the argument that an ALJ cannot supplant the quantitative limitation of "occasional" for the qualitative limitation of "superficial." *Compare Jennifer L. v. Comm'r of Soc. Sec. Admin.*, No. 23-cv-1822, 2024 WL 4003021, at *3 (D. Minn. Aug. 30, 2024) ("The *Lane* court could not have been much more direct in finding that nothing in the RFC's reference to occasional interactions conflicted with the opinion of the reviewing psychologists that the claimant could relate to others superficially. Nor does the opinion suggest that such a manufactured inconsistency can only be overcome where the RFC finding includes specific qualitative restrictions on workplace interactions." (citation modified)), *with*, *Jolene J.-D. v. O'Malley*, No. 23-cv-2297, 2024 WL 3488001, at *5 (D. Minn. July 1, 2024) ("Courts applying *Wyatt* and *Lane* in this District have asked whether an ALJ set limits on the quality of workplace interactions despite omitting the express 'superficial' qualifier, and if not, whether they explained their decision not to adopt medical professionals' determinations that a plaintiff should be qualitatively limited in their social interactions."). The Court reads *Lane* to reject the superficial-occasional argument; however, because *Lane* is unpublished, it is not binding on the Court. 8th Cir. L.R. 32.1A.

one.  During the hearing, the ALJ asked the vocational expert about what jobs someone limited to "occasional superficial interactions with coworkers [and] the public" could perform.  (Tr. 1125-26.)  She defined superficial as "the individual is able to can [sic] interact occasionally with others on matters limited to the straightforward exchange of information without negotiation, persuasion or conflict resolution."  (Tr. 1126.)  The vocational expert testified that someone limited to occasional and superficial interactions with others could perform the same jobs as someone limited to only occasional interactions with others and all of Plaintiff's other physical and mental limitations.  (*See* Tr. 1122-26.)  So, even if the ALJ erred by failing to include a qualitative limitation, the error was harmless because there is no indication that the ALJ would have decided differently if she had included a qualitative limitation.  Accordingly, the Court affirms the ALJ's decision and denies Plaintiff's request.

## ORDER

Based upon the foregoing and the record in this case, **IT IS HEREBY ORDERED** that:

1.    Plaintiff Tiffany B.'s request for relief (Doc. No. [14]) is **DENIED**.

2.    The Commissioner's request for relief (Doc. No. [16]) is **GRANTED**.

3.    The complaint (Doc. No. [1]) is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  August 3, 2026                         s/Donovan W. Frank
                                                            DONOVAN W. FRANK
                                                            United States District Judge

6